The Chancellor..
On the seventeenth of September, 1843, Charles Kaighn and William R. Kaighn gave to their sister, Mary M. Kaighn, their joint and several bond, with warrant of attorney to confess judgment to secure the payment, in one year with interest, of a debt of $3600, due from the said Charles Kaighn to the obligee. On the seventeenth of April, 1858, the bond was assigned to Maria M. Puller. Subsequent to the assignment, Henry M. Puller, the agent of the assignee, accepted from Charles Kaighn, the principal debtor, without the knowledge or consent of the surety on.the bond, certain notes and bills of exchange, payable at a future day, which the bill alleges were received on account of the money due on the bond. On the twenty-sixth of February, 1861, the assignee of the bond caused judgment to be entered upon the bond against both obligors, and execution to be thereupon issued, by virtue whereof the sheriff levied upon the property of the surety on the bond. Subsequent to the levy, the surety made an assignment for the benefit of his creditors.
The bill is filed by the surety and by his assignees to set aside the judgment and execution, upon the ground that the creditor, having given time to the principal debtor for payment of the debt without the knowledge or consent of the surety, has discharged the surety from liability.
The bond is in the usual form. There is nothing upon its *421 face to indicate the existence of the suretyship. It is incumbent therefore upon the surety, in order to entitle himself to exemption from his liability as an obligor, to show that the fact of the suretyship was communicated to the creditor; for, as the privilege of the surety is a mere equity, it can only be binding on those who have notice of its existence. Harrison v. Courtauld, 3 Barn. & Ad. 36; Wilson v. Foot, 11 Metc. 285; Gahn v. Niemcewicz, 3 Paige 614; S. C. on Appeal, 11 Wend. 312; 2 Am. Lead. Cas. (ed. 1857) 411; 3 Lead. Gas. in Eq. (ed. 1859) 572.
The answer of the creditor contains a very full and explicit denial of all knowledge upon her part of the existence of the suretyship. She denies that it was ever communicated to her that the said William R. Kaighn was only the surety of the said Charles Kaighn, or that she had any knowledge that such was the fact, or that the existence of the suretyship was in any way claimed or pretended.
The assignment of the bond, however, though made directly to Maria M. Fuller, was not made in her presence or by her immediate agency, but by the procurement of her son, Henry M. Fuller, who acted as her agent in the transaction.
The agent is dead. The answer of the defendant does not, and in the nature of things could not contain a denial upon knowledge that notice of the suretyship was given to or possessed by the agent. The allegation of the defendant, in the answer upon the subject, is that she has not been informed, and does not believe that at the time of the assignment to her the agent was informed or knew the fact, that Charles Kaighn was the principal debtor, or that William R. Kaighn was only surety, or executed the bond as surety for the said Charles.
It is insisted that there is no sufficient denial of notice to the agent of the obligee by whom the assignment was procured, and that notice to the agent is notice to the principal.
Conceding that notice to the agent of the existence of the suretyship would bind the principal, still I think the answer *422 is a sufficient denial of the equity of the bill to entitle the ■defendant to a dissolution of the injunction. It is at least as full and satisfactory as the charge of the bill. The bill charges that, “ at the time of making said assignment, and long before, your orator, John Cooper, well knew that said ■Charles Kaighn was the principal debtor of said bond, and that your orator, William R. Kaighn, was the surety only of said Charles ' as aforesaid; that at or before the time of making said assignment, as your orators believe and charge, the said Henry M. Fuller was informed, and then well knew that your orator, William R. Kaighn, was only the surety of said Charles Kaighn as aforesaid, which fact your orators believe and charge he communicated to his principal, Maria M. Fuller, if she was such principal, and really interested in ..said assignment; but whether so actually made known to lief of not;,.-your orators charge that she was and is bound by the knowledge thereof given to said Henry M. Fuller, her agent1 and attorney.” There is no mistaking the meaning and extent of these averments. The charges are made yitlf the clearness, precision, and distinct presentment of the legal-principle involved, which in an eminent degree characterizes the pleadings of the distinguished counsel by whom the bill was drawn. Two of the complainants by whom these charges are made are John Cooper, the husband of the obligee, who owned the bond, and by whom the assignment to Mrs. Fuller was made, and William R. Kaighn, the surety.
If notice of the suretyship was given at or before the assignment it would naturally have been by the assignor or by the surety, or by the procurement of one of them. The charge that Cooper, the assignor, knew of the suretyship is made upon his knowledge. The charge that Henry M. Fuller, the agent of the assignee, knew of the suretyship is not made either upon knowledge or information, but simply upon the belief of the complainants, and in the very terms in which it is charged that the information was given by Henry M. Fuller to his mother. The special affidavit annexed to the bill is sworn to by all the complainants. They there *423 state their knowledge of most of tlie material facts upon wliicli tlie equity of the bill rests. But the affidavit is entirely silent as to any knowledge or information possessed by either of the complainants, that notice of the existence of the suretyship was at any time given to Henry M. Fuller, the agent of the assignee. Ho other affidavit is annexed to the hill. Under the circumstances of the case, if notice had in point of' fact been given to Fuller of the existence of the suretyship, there could have been no difficulty in obtaining and annexing to the bill more satisfactory proof of that fact. The charges of the bill ivore regarded as sufficient to justify the granting of the injunction and putting the defendant upon her answer. Blit the answer is a sufficient denial of the complainants’ equity, and entitles the defendant to a dissolution of the injunction.
If, therefore, tho allegations of the hill, which are not met by the answer, sufficiently show that time for payment was given to the principal without the knowledge or consent of the surety, upon which I deem it unnecessary to express any opinion, it cannot operate as a discharge of the surety.
The injunction is dissolved.